UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>Petitioner,<br><br>v.<br><br>THE PEOPLE.<br><br>Respondent. | No. 2:18-cv-03005-GGH<br><br><u>ORDER & FINDINGS AND RECOMMENDATIONS</u> |

Petitioner filed a petition for a writ of habeas corpus on November 19, 2018. ECF No. 1. That filing was accompanied by a Motion to Proceed In Forma Pauperis. ECF No. 1. The court has examined his motion and determined that petitioner lacks the economic resources to pay the fees and costs associated with bringing this suit. The court will, therefore, GRANT the in forma pauperis application. The petition itself, however, is another matter.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011); <u>see</u> <u>also</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state

1

court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was denied. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

In the portion of the petition which addresses the issue of appeal to the judgment within the state system, petitioner indicates that he "tried" to appeal but doesn't know "if it went through or not. Haven't heard nothing about it." ECF No. 1 at 2. Thus, it is clear that petitioner has not exhausted available state remedies and this court cannot, therefore, take up his habeas petition. The petition will have to be dismissed unless and until petitioner appeals his conviction to the Third District Court of Appeal and the California Supreme Court at which time, if his appeals are unsuccessful, this matter may be refiled in this court by way of a habeas petition.

In light of the foregoing, IT IS ORDERED that:

1. The Clerk assign a district judge to this case; and

2. Petitioner's in forma pauperis application is GRANTED.

IT IS HEREBY RECOMMENDED that:

1. The petition for habeas corpus be DISMISSED, without prejudice.

2. The Clerk of the Court shall close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

///

///

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 18, 2018

<u>/s/ Gregory G. Hollows</u><br>UNITED STATES MAGISTRATE JUDGE